RECEIVED
MAY 3 0 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION NO. 2:06-CR-20130 |
| v. | * | JUDGE DRELL |
| LARRY ANDREW COX | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Amend Conditions of Supervision, (Rec. Doc. 49), filed by the defendant, Larry Andrew Cox; and the government's Response in Opposition, (Rec. Doc. 53). For the reasons set forth below, the motion will be **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On March 28, 2007, Larry Andrew Cox ("Cox") pleaded guilty to one count of sexual abuse of a minor in violation of 18 U.S.C. § 2243(a)(1). (Rec. Doc. 19). Judgment was entered on October 12, 2007, sentencing Cox to 76 months of imprisonment and 5 years of supervised release. (Rec. Doc. 30).[1] Cox served his term of imprisonment and is now serving his term of supervised release. On January 25, 2017, the defendant filed the instant motion to amend the conditions of his supervised release, specifically to remove two of the special conditions which relate to his use of computers and the internet. (Rec. Doc. 49). The government filed a response in opposition on February 24, 2017. (Rec. Doc. 53).

---

[1] A Memorandum Ruling was entered on September 26, 2007, providing the reasons for an upward departure from the sentencing guidelines. (Rec. Doc. 26). The defendant filed a timely appeal of the Judgment, (Rec. Doc. 28), raising claims only regarding the upward departure of 76 months imprisonment. Brief of Petitioner, *United States v. Cox*, 300 Fed. App'x 278 (5th Cir. 2008) (No. 07-30956). On November 18, 2008, the Fifth Circuit affirmed the judgment as to the upward departure. (Rec. Doc. 37).

1

At issue are special conditions numbers 3 and 4 of the defendant's sentence for supervised release:

> 3) The defendant shall not have access to any computer that is capable of internet access.
>
> 4) The defendant shall allow the Probation Officer to access any computer he uses for monitoring purposes.

(Rec. Doc. 49; *see also* Rec. Doc. 30).

In his motion, Cox relies on an unnamed Fifth Circuit ruling, 18 U.S.C § 3553(a), and United States Sentencing Guidelines ("USSG") § 5D1.3(d)(7)(B) in support of his request that the court remove the two special conditions at issue. (Rec. Doc. 49). The government, in its response, does not address the third special condition and, in fact, seems to believe that the defendant is allowed to access the internet. (Rec. Doc. 53). In its response to the fourth special condition, the government claims it is a reasonable condition but does not provide any case law or statutory support for its position. *Id.*

## LAW & ANALYSIS

When imposing a sentence, the court must consider the applicable USSG sentencing range, policy statements, and official commentary; as well as the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence imposed. *Id.* § 3553(a)-(b). The court may include a term of supervised release and conditions to such release, pursuant to 18 U.S.C. § 3583. Apart from the mandatory conditions of supervised release, the court may impose further conditions that: 1) are reasonably related to the factors set forth in § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purpose set forth in § 3553(a)(2)(B)-(D); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission. *Id.* § 3583(d). The court has the authority to terminate a term of

2

supervised release, pursuant to the Federal Rules of Criminal Procedure, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. *Id.* § 3583(e)(1).

Although not mentioned by name, the court believes the defendant relies on the Fifth Circuit's ruling in *United States v. Tang*, 718 F.3d 476 (5th Cir. 2013), in support of his argument that the computer and internet conditions should be removed from his conditions of supervised release. *Tang* involved a defendant who pleaded guilty to one count of failing to register as a sex offender after traveling in interstate commerce. *Id.* at 480. The district court imposed a special condition of the defendant's supervised release which prohibited the defendant from using the internet unless approved by the probation officer in advance. *Id.*

Like Cox, the defendant in *Tang* argued that the ban on his use of the internet without prior approval from a probation officer is contrary to USSG § 5D1.3(d)(7) and the 18 U.S.C. § 3553(a) factors. *Tang*, 718 F.3d at 483. USSG § 5D1.3(d)(7)[2] recommends a limitation on the use of computers and the internet for individuals convicted of a sex offense "in cases in which the defendant used such items." *Tang*, 718 F.3d at 483. The defendant asserted that this could not be the basis for the condition because he did not use a computer in the underlying offense. *Id.* The defendant also claimed that the condition was not reasonably related to his failure to register as a sex offender as required by § 3553(a) and that computer and internet usage were not used in his prior sexual offense. *Tang*, 718 F.3d at 483-84. As such, the condition imposed "a greater deprivation of liberty than reasonably necessary given the circumstances." *Id.* at 484.

---

[2] The United States Sentencing Guidelines in effect at the time of Cox's sentencing also included this language. *See* U.S. Sentencing Guidelines Manual § 5D1.3(d)(7)(B) (U.S. Sentencing Comm'n 2006).

3

The Fifth Circuit agreed, holding that the restriction on internet usage that required prior approval from a Probation Officer was not reasonably related to the factors set forth in § 3553(a) and that it involved a greater deprivation of liberty than reasonably necessary pursuant to § 3583(d)(1)-(2). *Tang*, 718 F.3d at 484. Specifically, the ban did not relate to the underlying offense or the history and characteristics of the defendant. *Id.* The Fifth Circuit further explained that, when considering the factors set forth in § 3553(a)(2), such a restriction has the potential to inhibit educational and vocational training that may be needed by the defendant, and the deterrence impact is only "marginally promoted" when the individual has not used the internet for illicit purposes or shown a proclivity to do so in the future. *Tang*, 718 F.3d at 484. The Fifth Circuit further noted the explicit language in USSG § 5D1.3(d)(7)(B) that such restrictions are reasonable when the defendant used a computer in the underlying offense. *Tang*, 718 F.3d at 484.

The court finds the Fifth Circuit's ruling instructive. Because Cox did not use computers or the internet in the underlying offense, nor was there evidence that he used computers or the internet in the history cited in the Memorandum Ruling related to the Judgment, the court finds that the third and fourth special conditions create a greater deprivation of liberty than reasonably necessary given the circumstances. The government's bare-bones assertion that computer-monitoring is reasonable based upon a conviction for sexually exploiting a child is clearly contrary to the Fifth Circuit's holding in *Tang* and, absent any substantive support, does not carry weight. Therefore, these conditions will be terminated from the defendant's conditions of supervised release.

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Amend Conditions of Supervision (Rec. Doc. 49) will be **GRANTED**.

Alexandria, Louisiana, this 30th day of MAY, 2017.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE